IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,089-01






EX PARTE PHILLIP D. DENBOW, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-396-008298-0828463-A IN THE 396TH DISTRICT COURT


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to deliver
a controlled substance, methamphetamine, and delivery of a controlled substance, methamphetamine, and
sentenced to thirty-five (35) years' imprisonment and a $5,000 fine. The Second Court of Appeals
affirmed his conviction. Denbow v. State, No. 2-03-102-CR (Tex. App. - Fort Worth, August 24, 2004,
pet. ref'd, untimely filed). 

 Applicant contends that his convictions were obtained in violation of double jeopardy because he
was convicted of two offenses arising from the single sale of a single controlled substance. He asserts that
this claim is not barred from review on habeas corpus because he did not knowingly and intelligently
relinquish his double jeopardy rights in prior proceedings. An affirmative waiver of double jeopardy rights
is not required, but this assertion could be construed as a claim that trial and appellate counsel were
ineffective for failing to raise the double jeopardy claim in prior proceedings.

 Applicant has alleged facts that, if true, might entitle him to relief. See Lopez v. State, 108 S.W.3d
293 (Tex. Crim. App. 2003); Gonzalez v. State, 8 S.W.3d 640, 645 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide counsel with an opportunity to respond and shall provide the State with an additional opportunity
to respond to Applicant's claim. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 Before the double jeopardy claim may be considered on the merits, a preliminary determination
must be made as to whether the claim is barred from consideration because it was raised for the first time
on habeas review. The trial court shall make findings as to whether the undisputed facts show that the
double jeopardy violation is clearly apparent on the face of the record and whether enforcement of usual
rules of procedural default serves any legitimate state interest. If the trial court finds that the double
jeopardy violation is clearly apparent on the face of the record and not barred from consideration, then the
court shall make findings of fact as to whether the convictions were obtained in violation of double
jeopardy. If the trial court finds that the convictions were obtained in violation of double jeopardy, then
the court shall make a recommendation as to which conviction should be set aside.

 The trial court shall also make findings as to whether trial counsel or appellate counsel's failure to
raise the double jeopardy claim in prior proceedings constituted ineffective assistance of counsel. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: January 23, 2008

Do not publish